# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **TRACI L. JONES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. :** |
| ) | **JURY TRIAL DEMANDED** |
| **FREEDOM RAIN, TLC** ) | |
| **d/b/a THE LOVELADY CENTER, and** ) | |
| ) | |
| **BRENDA SPAHN,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Traci L. Jones, and for her complaint against the Defendants, Freedom Rain, TLC d/b/a The Lovelady Center and Brenda Spahn says as follows:

### I.  NATURE OF THE CASE

1. This is an action under the Fair Labor Standards Act of 1938, 29 U.S.C. §§201 et seq. (hereinafter the "Fair Labor Standards Act" or "FLSA"). Plaintiff seeks payment for unpaid time, overtime and liquidated damages that she was deprived of due to Defendants' violations of the FLSA. Plaintiff also seeks a reasonable attorney fee and costs pursuant to 29 U.S.C. § 216(b).

## II. JURISDICTION

2.      Count I of this action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b). Jurisdiction is based on 28 U.S.C. § 1331, (federal question).

## III. VENUE

3.      All parties are located within the Northern District of Alabama, Southern Division. Further the acts complained of took place within this District and Division, therefore, proper venue for this action lies within the Northern District of Alabama, Southern Division based on 28 U.S.C. § 1391(b).

## IV. PARTIES

4.      Plaintiff, Traci L. Jones ("Jones"), is a former employee of Defendants, Freedom Rain, TLC d/b/a The Lovelady Center ("TLC") and Brenda Spahn ("Spahn"). Plaintiff was an employee within the meaning of the FLSA, 29 U.S.C. §203 (e)(1). Jones is an adult resident citizen of Jefferson County, Alabama.

5.      Defendants are employers within the meaning of 29 U.S.C. § 203(d) of the FLSA.

6.      Defendant TLC, upon information and belief, is an Alabama corporation, incorporated in Jefferson County, doing business in Alabama, and is engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1). Defendant Spahn, upon information and belief, is a corporate officer and/or owner of TLC that had and has operational control over the day to day functions of TLC and its compensation of employees. She had direct responsibility for

the supervision of the plaintiff at the relevant times. Specifically, Defendants operate an organization to provide assistance to individuals.

## V. FACTUAL ALLEGATIONS

7.  Plaintiff, Traci L. Jones ("Jones"), started working for the Defendants about June 2006 and worked at TLC until about August 2007.

8.  Defendant Brenda Spahn is the owner/operator of TLC.

9.  Jones was hired by Spahn to be a client representative for TLC.

10. Jones regularly worked Monday through Friday for the Defendants.

11. Her straight time wage rate was about $9.00 per hour.

12. She began work on regular workdays between 7:30 am and 8:00 am, and she often worked until between 6:00 pm and 6:30 pm, but at least until 5:00 pm on these days.

13. Jones was seldom allowed to take a lunch break while at work and would have to eat at her desk, and she was not compensated for this.

14. Jones was also required to work at least one weekend a month at TLC.

15. A weekend consisted of forty-eight (48) hours straight beginning Friday at 5:00 pm until Sunday at 5:00 pm.

16. Jones was only paid an additional $200.00 for working a forty-eight (48) hour weekend at TLC.

17. At least once a month Jones was required to attend a one hour prayer vigil at

TLC, and she was not paid for the hour spent at the mandatory prayer vigil.

18. Jones was reprimanded by Spahn if she did not attend the required prayer vigil.

19. Jones often did not receive her paychecks from the Defendants on time.

20. Plaintiff Jones was not paid time and a half for all hours worked in excess of 40 hours per week that she worked for the Defendants.

21. Jones complained to the Defendants that she was not being compensated for the overtime hours that she worked.

22. Jones did not have the authority to hire or fire fellow employees.

23. Jones primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

24. During her employment, Jones was an employee who was engaged in commerce.

25. Jones was employed in an enterprise engaged in commerce or in the production of goods for commerce.

26. The Defendants willfully failed to comply with the maximum hour provisions of the Fair Labor Standards Act 29 U.S.C. § 207, by failing to pay any overtime for numerous overtime hours worked by Jones during her employment with Defendants.

## COUNT I

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

27.     Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out herein, anew.

28.     Defendants willfully failed to compensate plaintiff at a rate of one and one-half times plaintiff's regular hourly rate for all hours worked in excess of 40 hours during the Plaintiff's employment.

29.     Plaintiff is not exempt from the protections afforded her by the Fair Labor Standards Act per 29 CFR Part 541.

30.     Defendants, by such failure, willfully violated the overtime provisions of the Fair Labor Standards Act 29 U.S.C. § 207.

        WHEREFORE, Plaintiff requests this Court enter judgment in favor of the Plaintiff and against Defendants, for:

        (1) all amounts of overtime wages that plaintiff should have received under the Fair Labor Standards Act but for Defendants' willful violation of her rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) subject only to the three year statute of limitations of 29 U.S.C. 255(a);

        (2)  interest; and

(3) all reasonable costs and attorney's fee pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

**PLAINTIFF DEMANDS TRIAL BY A STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

/s/ Thomas F. Talty
Thomas F. Talty (ASB-7793-T51T)
Attorney for Plaintiff
2015 First Avenue North
Birmingham, AL 35203
(205) 458-1111

**PLEASE SERVE DEFENDANT BRENDA SPAHN BY CERTIFIED MAIL RETURN RECEIPT REQUESTED:**

Brenda Spahn
The Lovelady Center
7916 2nd Avenue South
Birmingham, AL  35206

**PLEASE SERVE DEFENDANT FREEDOM RAIN, TLC d/b/a THE LOVELADY CENTER BY CERTIFIED MAIL RETURN RECEIPT REQUESTED:**

Freedom Rain TLC d/b/a The Lovelady Center
c/o Brenda Spahn
The Lovelady Center
7916 2nd Avenue South
Birmingham, AL  35206