FILED
2009 Jun-19 PM 07:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRACI L. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | CV-08-CV-01599 |
| ) | |
| FREEDOM RAIN, TLC d/b/a ) | |
| THE LOVELADY CENTER, and ) | |
| BRENDA SPAHN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANT FREEDOM RAIN, TLC'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Admit that at the times relevant to this lawsuit Brenda Spahn exercised operational control over Freedom Rain and the compensation of employees.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 2:** Admit that Freedom Rain is engaged in commerce or in the production of goods for commerce.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 3:** Admit that the plaintiff was hired by you to be a client representative for Freedom Rain.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 4:** Admit that Freedom Rain has arranged for its clients to work for private individuals knowing that their clients were not going to be paid by the individuals they worked for.

**RESPONSE:**   The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence.

**REQUEST FOR ADMISSION NO. 5:**   Admit that the plaintiff started working for Freedom Rain about June 2006 and worked at Freedom Rain until about August 2007.

**RESPONSE:**  Admitted.

**REQUEST FOR ADMISSION NO. 6:**   Admit that Brenda Spahn receives meals and vehicle benefits which you do not report to the Internal Revenue Service.

**RESPONSE:**   The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence.

**REQUEST FOR ADMISSION NO. 7:**   Admit that the plaintiff regularly worked Monday through Friday for defendants Freedom Rain.

**RESPONSE:**  Denied.

**REQUEST FOR ADMISSION NO. 8:**   Admit that the plaintiff's straight time wage rate at Freedom Rain was about $9.00 per hour.

**RESPONSE:**  Admitted.

**REQUEST FOR ADMISSION NO. 9:**   Admit that the plaintiff began work on regular workdays between 7:30 am and 8:00 am, and that she often worked until 6:00 pm and 6:30 pm, but at least until 5:00 pm on these days.

**RESPONSE:**  Denied.

**REQUEST FOR ADMISSION NO. 10:**   Admit that the plaintiff was also required to work at least one weekend a month while employed at Freedom Rain.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 11:** Admit that when plaintiff was required to work a weekend, the weekend consisted of forty-eight (48) hours straight beginning Friday at 5:00 pm until Sunday at 5:00 pm.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 12:** Admit that the plaintiff was only paid an additional $200.00 for working a forty-eight (48) hour weekend at Freedom Rain.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 13:** Admit that at least once a month the plaintiff was required to attend a one hour prayer vigil at Freedom Rain, and she was not paid for the hour she spent at the mandatory prayer vigil.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 14:** Admit that the plaintiff was not paid time and a half for all hours worked in excess of 40 hours per week that she worked at Freedom Rain.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 15:** Admit that the plaintiff complained to you that she was not being compensated for the overtime hours that she worked.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 16:** Admit that Freedom Rain Ministries was not a non-profit organization under §501(c)(3) or any other section of the Internal Revenue Code during the time that the plaintiff worked at Freedom Rain.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 17:** Admit that at the times relevant to this lawsuit you knew that Brenda Spahn and/or her daughter Melinda Megahee had been convicted of fraud.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 18:** Admit that at the times relevant to this lawsuit you tried to find work for your clients in the community and transported them to and from work at jobs that you arranged for them.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 19:** Admit that at the times relevant to this lawsuit you charged your clients for services.

**RESPONSE:** Admitted that some of the clients paid money to the Freedom Rain for some services.

**REQUEST FOR ADMISSION NO. 20:** Admit that at the times relevant to this lawsuit you charged your clients for their room.

**RESPONSE:** Admitted that some of the clients paid money to the Freedom Rain for some services.

**REQUEST FOR ADMISSION NO. 21:** Admit that at the times relevant to this lawsuit you charged your clients for food.

**RESPONSE:** Admitted that some of the clients paid money to the Freedom Rain for some services.

**REQUEST FOR ADMISSION NO. 22:** Admit that at the times relevant to this lawsuit you charged your clients for clothing.

**RESPONSE:** Denied.

4

**REQUEST FOR ADMISSION NO. 23:** Admit that at the times relevant to this lawsuit you charged your clients for medications.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 24:** Admit that at the times relevant to this lawsuit you provided daycare services for your clients' children.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 25:** Admit that at the times relevant to this lawsuit you provided psychological or psychiatric treatment for your clients.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 26:** Admit that at the times relevant to this lawsuit commercial enterprises also provided in residence psychological or psychiatric treatment.

**RESPONSE:** The Defendant objects on the grounds that the Request makes no sense. The Defendant also objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence.

**REQUEST FOR ADMISSION NO. 27:** Admit that at the times relevant to this lawsuit commercial enterprises also provided life skills training.

**RESPONSE:** The Defendant objects on the grounds that the Request makes no sense. The Defendant also objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence.

**REQUEST FOR ADMISSION NO. 28:** Admit that you were aware that Food Stamps cards of clients who had left Freedom Rain continued to be swiped by your employees after the clients had left.

**RESPONSE:** The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence.

**REQUEST FOR ADMISSION NO. 29:** Admit that donors to Freedom Rain have personally benefited from labor provided by Freedom Rain's clients while they resided at Freedom Rain's facilities.

**RESPONSE:** The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence.

**REQUEST FOR ADMISSION NO. 30:** Admit that the documents you produced in response to plaintiff's request for production from you are true and correct copies of the documents they purport to be.

**RESPONSE:** The Defendant objects on the grounds that no such documents have been produced.

David R. Donaldson
DONALDSON & GUIN, LLC
505 20th Street North, Suite 1000
Birmingham, Alabama 35203
Telephone: (205) 226-2282
Facsimile: (205) 226-2357
Email: DavidD@dglawfirm.com

>                                   Attorneys for the Defendants, Freedom Rain
>                                   and Brenda Spahn

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of April, 2009, the foregoing document has been served by email and hand delivery on the following person:

Thomas F. Talty
Thomas Talty & Associates
2015 First Avenue North
Birmingham, AL 35203

_____
OF COUNSEL