FILED

2009 Jun-25  PM 04:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

TRACI L. JONES,                      )
                              )
       Plaintiff,                    )
                              )      CIVIL ACTION NUMBER:
v.                                   )
                              )      CV-08-CV-01599-KOB
FREEDOM RAIN, TLC and                )
BRENDA SPAHN,                        )
       Defendants.                   )
                              )

## DEFENDANTS' RESPONSE IN OPPOSITION TO THE PLAINTIFF'S MOTION TO COMPEL

# EXHIBIT D

## David Donaldson

| | |
|---|---|
| **From:** | David Donaldson |
| **Sent:** | Thursday, June 18, 2009 11:51 AM |
| **To:** | 'taltylaw@bellsouth.net' |
| **Subject:** | RE: draft confidentiality order attached |
| **Attachments:** | Protective Order proposed by plt revised.doc |

OK, since you are insisting on using your form, I have revised it. Let me know if the revisions are OK.

I plan to meet with my clients this afternoon to get revised responses signed and get them to you.

Just what exactly does your motion seek? I'm trying to figure out how to respond, but for the life of me, I can't figure out what you want.


David R. Donaldson
DonaldsonGuin LLC
505 North 20th Street, Suite 1000
Birmingham, AL 35203
205-503-4504 (direct dial)
205-226-2357 (fax)
DavidD@dglawfirm.com
www.dglawfirm.com


---

**From:** taltylaw@bellsouth.net [mailto:taltylaw@bellsouth.net]
**Sent:** Thursday, June 11, 2009 5:03 PM
**To:** David Donaldson
**Subject:** Re: draft confidentiality order attached

David:

The plaintiff cannot agree to the protective order you have proposed because it permits that anything, including a deposition already completed, be designated as confidential; it effectively prevents the plaintiff from contesting the designation of confidentiality by imposing a wieldy, time consuming and costly process; and it allows for far more to be held confidential than that envisioned by the federal rules which are oriented toward protecting personal information and trade secrets. Please find attached a proposed protective order for your consideration. Please keep in mind that tommorrow is the last day of the extended discovery period so I will need whatever discovery you intend to provide by then.

Tom

-------------- Original message from David Donaldson <DavidD@dglawfirm.com>: --------------

David R. Donaldson
Donaldson**Guin** LLC
505 North 20th Street, Suite 1000
Birmingham, AL 35203
205-503-4504 (direct dial)
205-226-2357 (fax)
DavidD@dglawfirm.com
www.dglawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **TRACI L. JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. :** |
| | ) | **CV-08-01599** |
| **FREEDOM RAIN, TLC** | ) | |
| **d/b/a THE LOVELADY CENTER, and** | ) | |
| | ) | |
| **BRENDA SPAHN,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## DRAFT PROTECTIVE ORDER

Upon consideration of the parties' joint motion for protective order, pursuant to Federal Rule of Civil Procedure 26(C), and for good cause shown, this Court hereby orders:

**I.     Designation of documents and information.**

A.     The parties agree that the defendants' business records, including but not limited to personnel files, payroll books, and donor information, shall be deemed "confidential".

**II.     Disclosure and Use of Confidential Information.**

A.     The documents designated as **"confidential"** may only be disclosed to and used by:

1.     The parties to this litigation and their employees and agents;

2.     Counsel for the parties to this litigation;

3.     Secretaries, paralegals, legal assistants, all other employees of such counsel, and anyone else assisting such counsel in the prosecution and/or defense of this suit;

4.     Consulting or testifying experts in this case; and

5.     The Northern District of Alabama Southern Division, and any court of appellate jurisdiction, as well as court personnel, including stenographic reporters involved in this case.

B.     Nothing in this order shall prevent a producing party from using or disclosing its own documents or information as it deems appropriate without impairing the confidentiality obligations opposed upon all other parties and persons subject to this order.

C.     Nothing contained in this order shall be construed to prejudice any party's right to use in a deposition, document filed with the court, or in any pre-trial hearing before the court, or at trial any confidential information.  Provided, however, that if any party wishes to use any confidential matter in any paper filed or proceeding held in this litigation, other than as an exhibit at trial or at an

2

evidentiary hearing held in open Court, such matter shall be used in camera and shall be filed and remain under seal until such time as the Court orders or the parties agree otherwise. Nothing in this order shall be deemed or construed to be a waiver by the producing party of its right to object on any grounds to use of any of the confidential information, or any portion thereof, or to seek protection from the court to prevent confidential information from being disclosed to the public.

**III.    Litigation Use Only.**

A.    All "confidential" materials, and all information contained in them or derived from them, shall be used solely for the preparation and trial of this litigation (including any appeals and re-trials), and should not be used for any other purpose, including personal, business, governmental or commercial, nor in any other administrative arbitration, or judicial proceedings or actions.

B.    Any and all copies of any designated "confidential" information or documents shall be either returned to the producing party's counsel or destroyed at the termination of this litigation.

**IV.    Effect of This Order on Third Parties.**

A.    No person authorized under the terms of this protective order to receive accessed "confidential" information shall be granted access to such materials unless and until such person has read this protective order and agreed to be bound by it.

3

**V.     Trial.**

A.     Nothing herein shall govern the procedures to be used at trial, which shall be governed by the Federal Rules of Evidence and the procedures implemented by court immediately preceding the commencement of trial.

Done this _____ day of _____, 2009.


_____
Karon O. Bowdre
United States District Court Judge