FILED
2009 Aug-31 PM 04:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT L

# TLC'S RESPONSE TO PLAINTIFF'S INTERROGATORIES

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRACI L. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NUMBER: |
| | ) CV-08-CV-01599 |
| | ) |
| FREEDOM RAIN, TLC d/b/a | ) |
| THE LOVELADY CENTER, and | ) |
| BRENDA SPAHN, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT FREEDOM RAIN, TLC'S RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES

### OBJECTIONS:

Defendants' responses to this Interrogatory are made for the sole purpose of this action. The response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, privacy, and these and all other objections are reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended in this response. The Defendant's response to any part of the Interrogatory should not be taken as an admission that: (a) the Defendants accept or admit the existence of any fact(s) set forth or assumed by that Interrogatory; (b) the Defendants have in their possession, custody or control any information or documents responsive to that Interrogatory; (c) information or documents responsive to that Interrogatory exist; or (d) the Defendants' responses constitute admissible evidence. The Defendants' response any part of the Interrogatory is not intended to be and shall not be, a waiver by Defendants of all or any part of their objection(s) to the Interrogatory.

The Defendants generally object to the Interrogatory on the following grounds ("General Objections"):

1. Defendants object to the Interrogatory to the extent that it purports to impose any obligations on Defendants that are not imposed by law, or are otherwise inconsistent with Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 26.1 of the United States District Court for the Northern District of Alabama.

1

2.     Defendants object to the Interrogatory to the extent that it seeks information or documents that are beyond the scope of permissible discovery.

3.     Defendants object to the Interrogatory to the extent that it seeks or requires the disclosure of information or documents that are protected from discovery by the attorney-client privilege, the attorney work product doctrine, the joint prosecution or common interest privilege, the right to privacy, or any other applicable privilege or immunity. Further, by responding to the Interrogatory, Defendants do not waive the attorney-client privilege, the work product doctrine, or any other applicable privilege as to the Interrogatory or any other future discovery request. The inadvertent disclosure or production of any information covered by such privileges or protections shall not constitute a waiver of such privileges or protections. Defendants object to the Interrogatory to the extent it seeks information or documents that are not within Defendants' immediate possession, custody or control.

4.     Defendants object to the Interrogatory to the extent it seeks information that can be found in the pleadings or in documents produced to the Plaintiff.

5.     Defendants object to the Interrogatories insofar as they are vague, ambiguous, harassing, overly broad or burdensome and to the extent that the discovery sought is unreasonably cumulative, duplicative or disproportionate.

6.     Defendants object to the Interrogatories insofar as it seeks information or documents that are irrelevant to any claim, defense or subject matter of the litigation, or are not reasonably calculated to lead to the discovery of admissible evidence.

7.     Defendants object to the Interrogatories and to the Definitions and Instructions to the extent that they purport to require Defendants to reach legal conclusions about any document, thing or event, or contain erroneous or argumentative factual allegations or legal assertions. By responding to the Interrogatory, Defendants do not admit or waive their right to contest such allegations or assertions elsewhere, including at trial.

8.     Defendants object to the Interrogatories, to the Definitions and Instructions to the extent that they are unduly burdensome and oppressive and unreasonably cumulative or duplicative, and that they seek, inter alia, information contained or reflected in documents or testimony that has been or will be provided to Defendants in this action.

9.     Defendants object to each "Definition" and "Instruction" to the extent each imposes on Defendants any obligation beyond what is required by the Federal Rules of Civil Procedure or any local rule.

10.    Defendants object to the "Definitions" and "Instructions" sections of the Interrogatory to the extent that the definitions are overly broad or call for information that

is protected from discovery by the attorney-client privilege, the attorney work product doctrine, the joint prosecution or common interest privilege, the right to privacy and any other applicable privilege or immunity.

11. Defendants object to the Interrogatories to the extent that they call for a legal conclusion, a legal argument, or is premature at this stage of the litigation and is invasive of the attorney work product doctrine.

12. Defendants object to the Interrogatories to the extent they seek information that may be protected by the right to privacy recognized under the United States Constitution, or any other federal or state law.

13. Defendants reserve the right to amend, modify and supplement these responses should subsequent events warrant such amendment, modification or supplementation.

14. The following specific objections and responses are subject to the General Objections. By setting forth specific objections, Defendants do not intend to limit or restrict the General Objections. Defendants incorporate the above General Objections into its responses to the Interrogatory. To the extent that Defendants respond to the Interrogatory, any stated objections are not waived by providing responses.

## RESPONSES TO INTERROGATORIES:

**INTERROGATORY NUMBER 1:** Identify all persons who worked for you in the same position as the plaintiff (client representative) at any time during the period from January 1, 2006 through December 31, 2008. Include in your answer for each person their name, current employer if known, last known address, and last known phone numbers.

**RESPONSE:** The Defendant hereby elects pursuant to FRCP 33(d) to produce business records from which the answers to this interrogatory may be determined by examining, auditing, compiling, abstracting or summarizing the Defendant's records.

**INTERROGATORY NUMBER 2:** Identify all members of your management or supervisory staff who worked for you during the period from January 1, 2006 through December 31, 2007, and for each state their job title, annual monetary compensation, and describe any other benefits they received from you.

**RESPONSE:** The Defendant hereby elects pursuant to FRCP 33(d) to produce business records from which the answers to this interrogatory may be determined by examining, auditing, compiling, abstracting or summarizing the Defendant's records.

3

**INTERROGATORY NUMBER 3:** Identify all client representatives, management, or supervisory personnel who worked for you during the period from January 1, 2006 through December 31, 2007 who are no longer employed by you, and for each person state why they left employment with you.

**RESPONSE:** The Defendant hereby elects pursuant to FRCP 33(d) to produce business records from which the answers to this interrogatory may be determined by examining, auditing, compiling, abstracting or summarizing the Defendant's records.

**INTERROGATORY NUMBER 4:** Describe in detail all the duties and responsibilities of Brenda Spahn while she worked for you during the period from January 1, 2006 through December 31, 2007.

**RESPONSE:** The Defendant hereby elects pursuant to FRCP 33(d) to produce business records from which the answers to this interrogatory may be determined by examining, auditing, compiling, abstracting or summarizing the Defendant's records.

**INTERROGATORY NUMBER 5:** Describe in detail the employment of any immediate family members of Brenda Spahn or their spouses with you during the period from January 1, 2006 through the present. Include, but do not necessarily limit your answer to the name of each such person, each position they held with you, the duties and responsibilities of each position, the date they worked in each position, how much their monthly pay was while in the position, any other benefits they received from you, in addition to their pay, and what the estimated monetary value of each of those benefits was.

**RESPONSE:** The Defendant hereby elects pursuant to FRCP 33(d) to produce business records from which the answers to this interrogatory may be determined by examining, auditing, compiling, abstracting or summarizing the Defendant's records.

**INTERROGATORY NUMBER 6:** Identify all persons or businesses which Freedom Rain either does business with, or who Freedom Rain recommends to its clients, which are owned, or partially owned, by Brenda Spahn or her relatives.

**RESPONSE:** The Defendant is not aware of any businesses doing business with Freedom Rain that are owned by Brenda Spahn or her family members at this time.

**INTERROGATORY NUMBER 7:** If you allowed any person or business entity to do business with your clients at your facilities, or to solicit business from your clients at your facilities, during the period from January 1, 2006 to the present, please describe each such person or business entity including what they sold to your clients.

**RESPONSE:** The Defendant is not aware of any businesses that have been allowed to solicit business at the Lovelady Center.

**INTERROGATORY NUMBER 8:** Identify any physicians, psychiatrists, psychologists, mental health workers, ministers, counselors, trainers, or consultants who were compensated by you in any way for work done at any time during the period from January 1, 2006 through December 31, 2007, and for each state what they did for you and the total amount of money and/or other compensation they were paid for their work.

**RESPONSE:** The Defendant hereby elects pursuant to FRCP 33(d) to produce business records from which the answers to this interrogatory may be determined by examining, auditing, compiling, abstracting or summarizing the Defendant's records.

**INTERROGATORY NUMBER 9:** If you know of any instances during the period from January 1, 2006 through December 31, 2007 where your clients performed work for you, and they did not receive monetary compensation from you, describe each instance in detail including who the clients were, the dates they worked, what they did for you, and whether any compensation was reported to the Internal Revenue Service.

**RESPONSE:** The Defendant hereby elects pursuant to FRCP 33(d) to produce business records from which the answers to this interrogatory may be determined by examining, auditing, compiling, abstracting or summarizing the Defendant's records.

**INTERROGATORY NUMBER 10:** If during the period from January 1, 2006 through December 31, 2007 you are aware of, or have heard of, any instances where your clients performed work for the personal benefit of Brenda Spahn, Melinda Megahee, their spouses, their immediate family members, or any business they had a personal interest in, describe what you know about each instance in as much detail as you can including: who the clients worked for, the dates they worked, what they did, and any compensation they received for their work including any monetary amount, or the estimated fair market value of what they received.

**RESPONSE:** The Defendant is not aware of work being performed for the personal benefit of Brenda Spahn or Melinda MeGahee.

**INTERROGATORY NUMBER 11:** If during the period from January 1, 2006 through December 31, 2007 you are aware of, or have heard of, any instances where your clients did any work for persons or entities who donated money, stocks, property, goods or services to you, describe what you know about each instance in as much detail as you can including: identifying who your clients worked for, the dates they worked, what they did, and any compensation they received for their work including any monetary amount or the estimated fair market value of what they received.

5

**RESPONSE:** On occasion, people who were behind on program fees were allowed them to earn money which was credited against their fees. To the extent that information exists regarding dates worked and other details requested, that information can be gleaned by examining, auditing, compiling, abstracting or summarizing the Defendant's business records, which have been made available.

**INTERROGATORY NUMBER 12:** If you know of any instances during the period from January 1, 2006 through December 31, 2007 where your clients performed work for your donors, your employees, or businesses in which your employees had an interest, and the compensation (either monetary, credit, goods or services) of your clients was not reported to the Internal Revenue Service, describe each instance in detail including who the clients were, who they worked for, the dates they worked, what they did, and the compensation they received including any monetary amount or the estimated fair market value of what they received.

**RESPONSE:** See response to Number 11 above.


**INTERROGATORY NUMBER 13:** Describe in detail your policies and procedures related to the use and return of client food stamp cards.

**RESPONSE:** The Defendant hereby elects pursuant to FRCP 33(d) to produce business records from which the answers to this interrogatory may be determined by examining, auditing, compiling, abstracting or summarizing the Defendant's records.


**INTERROGATORY NUMBER 14:** Describe in detail your policies and procedures related to employment of your clients including assisting them in trying to find employment with others.

**RESPONSE:** The Defendant hereby elects pursuant to FRCP 33(d) to produce business records from which the answers to this interrogatory may be determined by examining, auditing, compiling, abstracting or summarizing the Defendant's records.


**INTERROGATORY NUMBER 15:** List those services or things you charged your clients for during the period from January 1, 2006 through December 31, 2007, and for each show the average amount you charged for each service or thing you provided.

**RESPONSE:** The Defendant hereby elects pursuant to FRCP 33(d) to produce business records from which the answers to this interrogatory may be determined by examining, auditing, compiling, abstracting or summarizing the Defendant's records.

**INTERROGATORY NUMBER 16:** Describe any governing board you have. Include, in your answer the duties and responsibilities of its members during the period

from January 1, 2006 through December 31, 2007 and the identity those members who were on the board during that period of time.

**RESPONSE:** The Defendant hereby elects pursuant to FRCP 33(d) to produce business records from which the answers to this interrogatory may be determined by examining, auditing, compiling, abstracting or summarizing the Defendant's records.

**INTERROGATORY NUMBER 17:** Identify those persons who kept your business records and describe where each category of records for the period from January 1, 2006 through December 31, 2007 are kept. Include, but do not limit your answer to financial records, purchasing records, employment records, etc.

**RESPONSE:** The Defendant hereby elects pursuant to FRCP 33(d) to produce business records from which the answers to this interrogatory may be determined by examining, auditing, compiling, abstracting or summarizing the Defendant's records.

**INTERROGATORY NUMBER 18:** Identify your accountant(s) who assisted you with your tax returns for the years 2006 and 2007.

**RESPONSE:** The Defendant hereby elects pursuant to FRCP 33(d) to produce business records from which the answers to this interrogatory may be determined by examining, auditing, compiling, abstracting or summarizing the Defendant's records.

**INTERROGATORY NUMBER 19:** Identify each bank, brokerage, or financial institution who you had an account with during the period from January 1, 2006 through December 31, 2007, and for each account state: the purpose of the account, the account number, and state the names of those who were authorized to make deposits or withdrawals from the account.

**RESPONSE:** The Defendant hereby elects pursuant to FRCP 33(d) to produce business records from which the answers to this interrogatory may be determined by examining, auditing, compiling, abstracting or summarizing the Defendant's records.

**INTERROGATORY NUMBER 20:** If you contend that your client representatives like the plaintiff were independent contractors state every reason you believe supports your contention.

**RESPONSE:** The Defendant has not raised that issue in defense of this lawsuit.

**INTERROGATORY NUMBER 21:** Identify which employees of yours were involved with obtaining food stamp funds through the use of client food stamp cards during the period January 1, 2006 through December 31, 2007.

**RESPONSE:** The Defendant hereby elects pursuant to FRCP 33(d) to produce business records from which the answers to this interrogatory may be determined by examining, auditing, compiling, abstracting or summarizing the Defendant's records.

**INTERROGATORY NUMBER 22:** Identify any person or organization which receives any part of the net earnings of Freedom Rain.

**RESPONSE:** The Defendant hereby elects pursuant to FRCP 33(d) to produce business records from which the answers to this interrogatory may be determined by examining, auditing, compiling, abstracting or summarizing the Defendant's records.

**INTERROGATORY NUMBER 23:** Identify each and every person who has or may have knowledge of discoverable matters pertaining to the plaintiff's employment with you and/or the basis of the plaintiff's claim that you failed to pay the plaintiff for all hours worked and for overtime and state what knowledge you believe each could have related to the plaintiff's claim(s) against you.

**RESPONSE:** The Defendant does not know who "may have knowledge" of relevant matters. The Defendant believes that the dispositive issue in this case is whether the Plaintiff was engaged in interstate commerce as alleged in her complaint. Various Officers, Directors and employees have knowledge regarding the operations of the Lovelady Center. The names and addresses of those individuals have been made available through the documents produced to the Plaintiff.

**INTERROGATORY NUMBER 24:** Unless already described in response to a previous interrogatory, please describe in detail the duties and responsibilities of each position in your organization that existed during the period from January 1, 2006 through December 31, 2007, including, but not limited to, each management and supervisory position and client representatives.

**RESPONSE:** The Defendant hereby elects pursuant to FRCP 33(d) to produce business records from which the answers to this interrogatory may be determined by examining, auditing, compiling, abstracting or summarizing the Defendant's records.

**INTERROGATORY NUMBER 25:** If you were ever advised by anyone that you should pay your client representatives overtime for any overtime they may work describe the conversation(s) in detail including who told, what they said, when and where they told you, and the date they told you.

8

**RESPONSE:** The undersigned is not aware of any such advice being given to the Defendant, Freedom Rain during the relevant time period.

**INTERROGATORY NUMBER 26:** For each piece of property in which you have an interest please describe the property. Include in your answer its location.

**RESPONSE:** The Defendant hereby elects pursuant to FRCP 33(d) to produce business records from which the answers to this interrogatory may be determined by examining, auditing, compiling, abstracting or summarizing the Defendant's records.

**INTERROGATORY NUMBER 27:** Identify all persons you may call as witnesses at trial of this lawsuit, including a brief description of the facts about which each witness is expected to testify.

**RESPONSE:** The Defendant has not made any decisions about whom it wishes to call as witnesses at the trial.

**INTERROGATORY NUMBER 28:** Please identify the person or persons completing these interrogatories, and if more than one person please identify which interrogatories each person completed.

**RESPONSE:** Melinda McGahee

AS TO RESPONSE:

_____
Melinda McGahee

I, the undersigned, a Notary Public in and for the State of Alabama at Large, hereby certify that Melinda McGahee, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, she executed the same voluntarily on the day the same bears date.

Given under my hand this the 18th day of June, 2009.

_____
Notary Public
My commission expires: __**MY COMMISSION EXPIRES ON 11-24-2012**__

AS TO OBJECTIONS:

_____
DONALDSON & GUIN, LLC
505 20th Street North, Suite 1000
Birmingham, Alabama 35203
Telephone: (205) 226-2282
Facsimile: (205) 226-2357
Email: DavidD@dglawfirm.com
Attorneys for the Defendants, Freedom Rain
And Brenda Spahn

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of June, 2009, the foregoing document has been served on the following person(s) by U.S. Mail, postage prepaid:

Thomas F. Talty
Thomas Talty & Associates
2015 First Avenue North
Birmingham, AL 35203

_____
OF COUNSEL

11