FILED
2009 Aug-31  PM 04:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT Q

# SPAHN'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRACI L. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | CV-08-CV-01599 |
| ) | |
| FREEDOM RAIN, TLC d/b/a ) | |
| THE LOVELADY CENTER, and ) | |
| BRENDA SPAHN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANT BRENDA SPAHN'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**  Admit that the plaintiff was hired by you to be a client representative for Freedom Rain.

**RESPONSE:**  Denied.

**REQUEST FOR ADMISSION NO. 2:**  Admit that you receive meals and vehicle benefits from Freedom Rain which you do not report to the Internal Revenue Service on your income taxes.

**RESPONSE:** The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence. Furthermore, the request constitutes an invasion of the Defendant's privacy and is nothing more than an attempt to embarrass, oppress, bully, harass, annoy and intimidate the Defendant in an attempt to extort money from the Defendant in the form of a settlement based on a claim that, at least as to this

Defendant, is patently frivolous, given the fact that this Defendant was not the Plaintiff's employer.

**REQUEST FOR ADMISSION NO. 3:** Admit that you promised the plaintiff that she would receive insurance benefits if she worked for Freedom Rain and you later withdrew those benefits.

**RESPONSE:** The Defendant admits that the Plaintiff was provided with health insurance for a period of time and that the insurance benefits for Plaintiff and others were terminated when Freedom Rain could no longer afford to pay the premiums.

**REQUEST FOR ADMISSION NO. 4:** Admit that you required the plaintiff to work at least one weekend a month while at Freedom Rain.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 5:** Admit that you reprimanded client representatives if she did not attend the required prayer vigil.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 6:** Admit that the plaintiff often did not receive her paychecks from Freedom Rain on time.

**RESPONSE:** Spahn admits that Freedom Rain's payments to the Plaintiff were sometimes delayed due to Freedom Rain's lack of funds.

**REQUEST FOR ADMISSION NO. 7:** Admit that you knew the plaintiff was not paid time and a half for all hours worked in excess of 40 hours per week that she worked at Freedom Rain.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 8:** Admit that you frequently gave instructions to the plaintiff about how to do her work.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 9:** Admit that the plaintiff complained to you that she was not being compensated for the overtime hours that she worked.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 10:** Admit that there were occasions where your clients were required by you to turn over their personal funds to either yourself or your daughter, Melinda Megahee.

**RESPONSE:** Defendant Spahn admits that on at least one occasion some money was held by Freedom Rain for the benefit of a client.

**REQUEST FOR ADMISSION NO. 11:** Admit that you were aware that Food Stamps cards of clients who had left Freedom Rain continued to be swiped by your employees after your clients had left.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 12:** Admit that Freedom Rain was organized or operated for the benefit of yourself and/or your family members.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 13:** Admit that the compensation that you receive varies with the net earnings of Freedom Rain.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 14:** Admit that you established the amount of compensation for your relatives that were employed by Freedom Rain at the times relevant in this lawsuit.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 15:** Admit that at the times relevant to this lawsuit you and/or members of your family have personally benefited from labor provided by Freedom Rain's clients while they resided at Freedom Rain's facilities.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 16:** Admit that you did not declare the above benefits as income on your federal income tax return.

**RESPONSE:** The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence. Furthermore, the request constitutes an invasion of the Defendant's privacy and is nothing more than an attempt to embarrass, oppress, bully, harass, annoy and intimidate the Defendant in an attempt to extort money from the Defendant in the form of a settlement based on a claim that, at least as to this Defendant, is patently frivolous, given the fact that this Defendant was not the Plaintiff's employer.

**REQUEST FOR ADMISSION NO. 17:** Admit that at the times relevant to this lawsuit you allowed members of your immediate family were allowed to contact business at Freedom Rain's facilities with its clients although their competitors were not allowed this opportunity.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 18:** Admit that members of Freedom Rain's governing board at the times relevant to this lawsuit were proposed and selected by you.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 19:** Admit that after you were advised that you should be paying your client representatives like the plaintiff for overtime hours worked.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 20:** Admit that you determined when client representatives were to work.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 21:** Admit that the documents you produced in response to plaintiff's request for production from you are true and correct copies of the documents they purport to be.

**RESPONSE:** The Defendant admits that Bates Numbered Documents 1-1,260 are photocopies of Freedom Rain's documents.

**REQUEST FOR ADMISSION NO. 22:** Admit that you knew that at the times relevant to this lawsuit Freedom Rain uses some funds it receives from the Food Stamp program for clients for purposes other than to purchase food for its clients.

**RESPONSE:** Defendant Spahn denies any knowledge of improprieties involving food stamps.

**REQUEST FOR ADMISSION NO. 23:** Admit that you knew that at the times relevant to this lawsuit Freedom Rain has arranged for its clients to work for private

individuals knowing that their clients were not going to be paid by the individuals they worked for.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 24:** Admit that at the times relevant to this lawsuit the plaintiff was employed by Freedom Rain in an enterprise engaged in commerce or in the production of goods for commerce.

**RESPONSE:** Denied.

*/s/ David R. Donaldson*
David R. Donaldson
DONALDSON & GUIN, LLC
505 20th Street North, Suite 1000
Birmingham, Alabama 35203
Telephone: (205) 226-2282
Facsimile: (205) 226-2357
Email: DavidD@dglawfirm.com

Attorneys for the Defendants, Freedom Rain and Brenda Spahn

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of June, 2009, the foregoing document has been served by U.S. Mail, postage prepaid on the following person:

Thomas F. Talty
Thomas Talty & Associates
2015 First Avenue North
Birmingham, AL 35203

_____
OF COUNSEL

7