FILED

2009 Aug-31  PM 04:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT P

# TLC'S RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TRACI L. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION NUMBER:** |
| v. | ) | **CV-08-CV-01599** |
| | ) | |
| FREEDOM RAIN, TLC d/b/a | ) | |
| THE LOVELADY CENTER, and | ) | |
| BRENDA SPAHN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT FREEDOM RAIN, TLC'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION #1:**   If you have gone by, or go by, any other name other than that of Freedom Rain, TLC, please provide a copy of all documents related to any name change you have made.

**RESPONSE:**  The Defendant will produce copies of its Articles of Incorporation and all amendments thereto, if any exist.

**REQUEST FOR PRODUCTION #2:**   Provide a copy of all reports or other documents which you provided to the Federal government, or the state of Alabama, for the purpose of establishing your non-profit or IRS section 501(c)(3) status.

**RESPONSE:**   The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence. The Defendant also objects on the grounds that the request is vague, ambiguous and does not reasonably specify the documents

which the Plaintiff wishes to have produced.   Not withstanding the foregoing, the Defendant will produce copies of its Federal and State Income Tax Returns.

**REQUEST FOR PRODUCTION #3:**   Provide copies of any exempt organization returns, including any applications for extension of time to file an exempt organization return, which you filed during the period from January 1, 2005 through the present.

**RESPONSE:**   The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence.  The Defendant also objects on the grounds that the request is vague, ambiguous and does not reasonably specify the documents which the Plaintiff wishes to have produced.   Not withstanding the foregoing, the Defendant will produce copies of its Federal and State Income Tax Returns.

**REQUEST FOR PRODUCTION #4:**   Provide a copy of all applications, reports, returns, or other documents not already provided which you sent to the Federal government, or the state of Alabama, during the period from January 1, 2006 to December 31, 2007, or provided later for any portion of that period, which were related to your non-profit status.

**RESPONSE:**   The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence.  The Defendant also objects on the grounds that the request is vague, ambiguous and does not reasonably specify the documents which the Plaintiff wishes to have produced.   Not withstanding the foregoing, the Defendant will produce copies of its Federal and State Income Tax Returns.

**REQUEST FOR PRODUCTION #5:**   Provide a copy of all applications for grants that you made to the Federal government, the state of Alabama, or the City of Birmingham during the years 2005, 2006, and 2007.

**RESPONSE:**   The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence.

**REQUEST FOR PRODUCTION #6:**   Provide a copy of all grants that you actually received during the years 2005, 2006, and 2007.

**RESPONSE:**   The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence.

**REQUEST FOR PRODUCTION #7:**   Provide a copy of any other documents not previously provided which are related to your claim of non-profit status, including any documents you received during the period from January 1, 2006 through the present advising you that your non-profit status was in jeopardy for any reason.

**RESPONSE:**   The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence. The Defendant also objects on the grounds that the request is vague, ambiguous and does not reasonably specify the documents which the Plaintiff wishes to have produced.  Not withstanding the foregoing, the Defendant will produce copies of its Federal and State Income Tax Returns.

**REQUEST FOR PRODUCTION #8:**   Any documents received by you or sent by you during the period from January 1, 2006 through the present from or to any

3

government entirely related to the food stamp program, including, but not limited to food stamp revenues you received on behalf of your clients, compliance with the program, or non-compliance with the program.

**RESPONSE:**    The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence.  The Defendant also objects on the grounds that the request is vague, ambiguous and does not reasonably specify the documents which the Plaintiff wishes to have produced.

**REQUEST FOR PRODUCTION #9:** Provide a copy of all financial statements related to your financial condition at any time during the period from January 1, 2006 through the present, including but not limited to income statements, balance sheets, or other such documents.

**RESPONSE:**    The Defendant will produce copies of its audited financial statements.

**REQUEST FOR PRODUCTION #10:**    Provide copies of all of your monthly checking account statements for the period from January 1, 2006 through December 31, 2007.

**RESPONSE:**    The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence.

**REQUEST FOR PRODUCTION #11:**    Provide copies of any other bank statements, savings account statements, brokerage statements, fund statements, or

4

statements of other accounts which held funds for you at any time during the period from January 1, 2006 through December 31, 2007.

**RESPONSE:**    The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence.

**REQUEST FOR PRODUCTION #12**    Provide copies of any W-2 or 1099 forms you issued to Brenda Spahn, Melinda Megahee, Shawn Megahee, or their relatives who were employed by you, for the years 2006 and 2007.

**RESPONSE:**    The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence.

**REQUEST FOR PRODUCTION #13**    Provide a copy of any monthly or annual budgets which covered any portion of the period from January 1, 2006 through the present.

**RESPONSE:**    The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence.

**REQUEST FOR PRODUCTION #14:**    Provide a copy of those documents which show the number of clients, or clients and their children, who stayed with you per day, per week, or per month during the period from January 1, 2006 through December 31, 2007.

5

**RESPONSE:**     The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence.

**REQUEST FOR PRODUCTION #15:**     Provide a copy of any documents which show the number of meals you served to clients, or clients and their children, during any interval of time during the period from January 1, 2006 through December 31, 2007.

**RESPONSE:**     The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence.

**REQUEST FOR PRODUCTION #16:**     Provide a copy of any documents which describe the duties and responsibilities of Brenda Spahn with you during the period from January 1, 2006 through the present. Include, but do not limit your response to position descriptions.

**RESPONSE:**     The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence.

**REQUEST FOR PRODUCTION #17:**     Provide a copy of any documents which describe the duties and responsibilities of Melinda Megahee with you during the period from January 1, 2006 through the present. Include, but do not limit your response to position descriptions.

**RESPONSE:**   The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence.

**REQUEST FOR PRODUCTION #18:** Provide any documents which describe any duties and responsibilities of your client representatives during the period from January 1, 2006 through the present.

**RESPONSE:**   The Defendant will produce its documents relating to policies and procedures for client representatives.

**REQUEST FOR PRODUCTION #19:**   Provide a copy of any employee handbook that was in use at any time during the period from January 1, 2006 through December 31, 2007.

**RESPONSE:**   No such documents exist.

**REQUEST FOR PRODUCTION #20:**   Provide a copy of your policies and/or procedures in effect during the period from January 1, 2006 through the present.  Include but do not  limit your response to policies and procedures related to: determining the salary or hourly pay rate for each of your various categories of employees; payment or time worked or payment of overtime for client representatives; which of your employees were given or offered insurance or other non-monetary benefits; how your employees were to obtain approval for disbursement of monetary funds; how much to charge your clients for the various services and things you provided or offered to them; the use and/or return of client food stamp cards; the use and return of cars owned or maintained by you; the distribution of controlled drugs to clients by your employees or volunteers; employment of your clients or assisting them in trying to find employment with others;

use of background checks; hiring and retention of employees who have been convicted of a felony; and the sale of clothing or to the operation of any consignment or thrift shop.

**ESPONSE:**  The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence. Without waiving the foregoing objections, the Defendant states that it will produce its documents relating to policies and procedures for client representatives.

**REQUEST FOR PRODUCTION #21:**  Provide a copy of all policies and/or procedures in effect during the period from January 1, 2006 through the present which relate to the hiring or retention of employees who have been convicted of a felony.

**RESPONSE:**  The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence. Without waiving the foregoing objections, the Defendant states that no such documents exist.

**REQUEST FOR PRODUCTION #22:**  Provide a copy of all reports made by you to your board of directors or governing body during the period from January 1, 2006 through the present.

**RESPONSE:**  The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence.

**REQUEST FOR PRODUCTION #23:**  Provide a copy of the personnel files for the plaintiff and the other client representatives that worked for you at any time while the plaintiff worked for you.

8

**RESPONSE:**    The Defendant will produce its documents pertaining to the Plaintiff's employment.  To the extent that the request seeks the production of third parties' personnel records, the Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence.  Moreover, the requested documents contain confidential information relating to third parties which the Defendant is protected by federal and state privacy laws.

**REQUEST FOR PRODUCTION #24:**   Provide a copy of the personnel files of Brenda Spahn, Melinda Megahee, Shawn Megahee, and their relatives and/or spouses if they were employees of yours at any time during the period from January 1, 2006 through the present.

**RESPONSE:**    The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence.  Moreover, the requested documents contain confidential information relating to third parties which the Defendant is protected by federal and state privacy laws.

**REQUEST FOR PRODUCTION #25:**   Provide copies of any statements you have taken in this case.

**RESPONSE:**    The Defendant objects on the grounds that the requested information is protected by the attorney work-product privilege.

**REQUEST FOR PRODUCTION #26:**   Provide copies of any documents you referred to or relied on in answering the plaintiff's interrogatories to you.

**RESPONSE:**    The Defendant objects on the grounds that the requested information is protected by the attorney work product privilege.

**REQUEST FOR PRODUCTION #27:**    Provide those documents individually, or in combination, which can identify those persons or entities who have made donations to you in the last five years who reside in the Northern District of Alabama.

**RESPONSE:**    The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence.

**REQUEST FOR PRODUCTION #28:**    Provide a copy of all brochures, advertisements, news releases, solicitations for funds which you made during the period from January 1, 2006 to the present.

**RESPONSE:**    The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence.

**REQUEST FOR PRODUCTION #29:**    Provide any other documents which you believe may support the plaintiff's claims in this lawsuit or your defenses to plaintiff's claims.

**RESPONSE:**    The Defendant also objects on the grounds that the request is vague, ambiguous and does not reasonably specify the documents which the Plaintiff wishes to have produced.

**REQUEST FOR PRODUCTION #30:**    Provide a copy of any organization charts which show your organization during the period from January 1, 2006 through the present.

**RESPONSE:**   The Defendant objects on the grounds that the request for admission does not seek relevant evidence. Nor is the request reasonably calculated to lead to the discovery of relevant evidence.

David R. Donaldson
DONALDSON & GUIN, LLC
505 20th Street North, Suite 1000
Birmingham, Alabama  35203
Telephone:  (205) 226-2282
Facsimile:   (205) 226-2357
Email: DavidD@dglawfirm.com

Attorneys for the Defendants, Freedom Rain and Brenda Spahn

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of April, 2009, the foregoing document has been served by email and hand delivery on the following person:

Thomas F. Talty
Thomas Talty & Associates
2015 First Avenue North
Birmingham, AL 35203

OF COUNSEL

11