IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TRACI L. JONES,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| v. | ] CV-08-BE-1599-S |
| | ] |
| **FREEDOM RAIN, TLC doing business** | ] |
| **as THE LOVELADY CENTER and** | ] |
| **BRENDA SPAHN,** | ] |
| | ] |
| **Defendants.** | |

## MEMORANDUM OPINION

This case comes before the court on "Defendants' Summary Judgment Motion" (doc. 30). The parties have fully briefed the motion. Plaintiff Traci Jones asserts that the Defendants failed to compensate her for time and overtime, in violation of the Fair Labor Standards Act (FLSA). Defendants assert that the FLSA does not apply to the Defendants. For the reasons stated below, the Defendants' motion for summary judgment (doc. 30) will be GRANTED. A separate order to that effect will be entered simultaneously.

## FACTS

The Lovelady Center (TLC), which Defendant Freedom Rain, Inc. owned during the relevant period of time, is a comprehensive transition program for homeless women who are either ex-offenders, substance abusers, or who are on the road to incarceration without intervention. Plaintiff Jones worked as a client representative for TLC from June 2006 to August 2007.

TLC operates a residential, faith-based treatment and recovery program for women who

1

have recently been released from prison, women who are victims of domestic violence, women with substance-abuse problems, women who are homeless, and other women who might benefit from TLC services. The TLC building housed TLC's employment agency, diner, daycare, beauty shop, and store businesses. TLC also operated an employment agency, called TLC Personnel, that TLC used to try to find work for its clients in the community. TLC charged its clients for these employment services. TLC transported its clients to and from work at jobs that TLC had arranged.

As a client representative, Jones assisted clients in getting and keeping employment. Her responsibilities included ensuring that a TLC client with a job had transportation to and from that job. Sometimes, Jones would use her personal vehicle to carry a client to and from her job, or to fill out job applications. Jones' responsibilities also included ensuring the clients had the things they needed for them to be able to go to work. For example, Jones would take clients to stores for the clients to buy items they needed, including clothes, medicine, and personal hygiene items. Jones would also check on clients' children in TLC's daycare while the clients were at work.

Plaintiff claims, and Defendants do not dispute, that TLC failed to compensate her for the overtime hours she worked; however, the parties disagree about whether the Fair Labor Standards Act–the statute mandating compensation for overtime hours– applies to TLC.

**STANDARD OF REVIEW**

Summary judgment is an integral part of the Federal Rules of Civil Procedure. Summary judgment allows a trial court to decide cases when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. When a district court reviews a motion for summary judgment it must determine two things: (1) whether

any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). The moving party can meet this burden by offering evidence showing no dispute of material fact or by showing that the non-moving party's evidence fails to prove an essential element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. Rule 56, however, does not require "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.*

Once the moving party meets its burden of showing the district court that no genuine issues of material fact exist, the burden then shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In this case, for purposes of summary judgment, the Defendants do not dispute Plaintiff's claim that she was not paid for overtime. Thus, the court must determine whether TLC is entitled to judgment as a matter of law.

In reviewing the evidence submitted, the court must "view the evidence presented through the prism of the substantive evidentiary burden," to determine whether the nonmoving party presented sufficient evidence on which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Commc'n, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Furthermore, all evidence and inferences drawn from the underlying facts must be viewed

in the light most favorable to the non-moving party. *Graham*, 193 F.3d at 1282. The non-moving party "need not be given the benefit of every inference but only of every reasonable inference." *Id.* The evidence of the non-moving party "is to be believed and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 255. After both parties have addressed the motion for summary judgment, the court must grant the motion *if* no genuine issues of material fact exist *and if* the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

## DISCUSSION

Plaintiff Jones asserts that Freedom Rain failed to pay her overtime compensation in violation of her rights under the Fair Labor Standards Act, 29 U.S.C. § 207. Specifically, she asserts that Freedom Rain did not pay her one-and-a-half times her regular rate of pay when she worked more than forty hours per week. Defendant asserts as a matter of law that the FLSA does not apply to TLC.

I.  **Violations of the Fair Labor Standards Act**

The FLSA provides that

> no employer shall employ any of his employees who in any workweek is *engaged in commerce or in the production of goods for commerce*, or is *employed in an enterprise engaged in commerce or in the production of goods for commerce*, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1) (2005) (emphasis added). To survive summary judgment, Plaintiff Jones first must show that the FLSA applies; therefore, she must show that she was (1) engaged in commerce or the production of goods for commerce–individual coverage; *or* (2) worked for an

enterprise engaged in commerce or in the production of goods for commerce–enterprise coverage. *See Ares v. Manuel Diaz Farms, Inc.*, 318 F.3d 1054, 1056 (11th Cir. 2003).

**A.  Individual Coverage**

The burden of proof lies on employees to establish that they were engaged in interstate commerce, or in the production of goods for interstate commerce. *Warren-Bradshaw Drilling Co. v. Hall*, 317 U.S. 88, 90 (1942).  Under the first type of FLSA coverage–"individual coverage"–an employee is entitled to time-and-a-half overtime pay as long as she is "engaged in commerce or in the production of goods for commerce." *See* 29 U.S.C. § 207. To determine whether an employee performed such work, a court must focus on the activities of the employee and not on the business of the employer. *See Mitchell v. Lublin McGaughy & Assocs.*, 358 U.S. 207, 211 (1959); *see also Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1267-68 (11th Cir. 2006).

In *Thorne*, the Eleventh Circuit held that "the intent of Congress [was] to regulate only activities constituting interstate commerce, not activities merely affecting commerce[;]" thus an employee must be "engaged in commerce[,]" which means he must be "directly participating in the actual movement of persons or things in interstate commerce[.]" *Thorne*, 448 F.3d at 1266. In addition, for an employee to be engaged in commerce, a substantial part of the employee's work must be related to interstate commerce. *See Stewart-Jordan Distrib. Co. v. Tobin*, 210 F.2d 427, 432 (5th Cir. 1954) ("If a substantial part of an employee's activities related to goods whose movement in the channels of interstate commerce [is] established . . . he is covered by the

5

[FLSA.]" (quotation omitted)).[1]

Plaintiff alleges that the overtime provisions of the FLSA apply in this case because when she performed her work for Defendants, she directly participated in the movement of persons and used the instrumentalities of interstate commerce. Jones argues that she engaged in interstate commerce both when (1) she used an instrumentality of interstate commerce, i.e. her car, to transport clients to stores, and (2) clients purchased items from those stores.

As to Jones' use of her car as a TLC employee, Plaintiff has not shown that she transported clients out of state. Neither did Jones show that she traveled out of state to fulfill her responsibilities as a client representative. Therefore, Plaintiff did not move persons or goods in interstate commerce as required by the FLSA.

As to the items clients purchased at stores, Plaintiff has not provided any evidence that *she* purchased items from stores during the course of her employment. Further, Plaintiff cites no authority that supports the imputation of client purchases to Plaintiff. Nevertheless, even if the court assumes that Plaintiff made some purchases as part of her employment responsibilities, she must produce sufficient evidence of interstate activity to overcome Defendants' motion for summary judgment. *See Thorne*, 448 F.3d at 1264. Plaintiff has not met her burden; Jones has not produced evidence that she purchased goods from out-of-state vendors as part of her job responsibilities. Jones has only stated that she used her car to transport clients to their jobs and to stores, such as Wal-mart, so that the clients could purchase needed items.

---

[1] After the Fifth Circuit split and the Eleventh Circuit was established, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down before the close of business on September 30, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

Moreover, the fact that some of the items the clients purchased may have crossed state lines at a previous time does not in itself implicate interstate commerce. "When goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further intrastate movement of the goods are not covered under the Act." *Thorne*, 448 F.3d at 1267 (citing *McLeod v. Threlkeld*, 319 U.S. 491, 493 (1943)). "Courts distinguish between merchants who bring commerce across state lines for sale and the ultimate consumer, who merely purchases goods that previously moved in interstate commerce for intrastate use." *Id.* Therefore, even if Plaintiff purchased items from or used her car to get to Wal-mart as part of her job responsibilities, she was not engaged in commerce although her car and items at Wal-mart may have previously moved in interstate commerce.

Plaintiff has not met her burden of showing that as part of her employment with Defendants she was engaged in interstate commerce or in the production of goods for interstate commerce; therefore, FLSA's individual coverage does not apply.

**B. Enterprise Coverage**

Under the second type of FLSA coverage–"enterprise coverage"–an employee is entitled to time-and-a-half overtime pay if she is employed by "an enterprise engaged in commerce." 29 U.S.C. § 207(a)(1). Section 203(s) of the FLSA defines "an enterprise engaged in commerce" as an enterprise that:

> (A) (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; *and*
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are

7

separately stated).

(emphasis added).  Thus, for an enterprise to be "engaged in commerce," for purposes of enterprise coverage, a business must have two or more employees handling goods or materials that have been moved in interstate commerce *and* must have annual gross volume of sales or business done in excess of $500,000. See 29 U.S.C. § 203(8)(1)(A)(ii).

Although assuming that Plaintiff has presented evidence that TLC employees engaged in interstate commerce by operating an employment agency, diner, daycare, beauty shop, and store, Plaintiff has not presented any admissible evidence showing that TLC had an annual gross volume of sales or business in excess of $500,000.  In fact, Plaintiff's own exhibit depicting TLC's Profit/Loss Statement for 2007 shows that TLC's business income was <u>less</u> than $500,000.  Nevertheless, Plaintiff argues, without providing admissible evidence, that the Profit/Loss Statement is inaccurate because TLC fraudulently labeled business income as charitable contributions.  To support her argument, Plaintiff relies on speculation and unauthenticated documents that this court cannot consider when ruling on a motion for summary judgment. *See* Fed. R. Civ. P. 56(e); *Lee v. U.S. Attorney for Southern Dist. of Fla.*, 289 Fed. App'x 377, 380 (11th Cir. 2008); *First Nat. Life Ins. Co. v. California Pacific Life Ins. Co.*, 876 F.2d 877, 881 (11th Cir. 1989).  Plaintiff has not met her burden of showing that TLC's gross business income exceeds $500,000 as required under FLSA; therefore, FLSA's enterprise coverage does not apply to TLC.

**C.  Defendant Spahn's Individual Liability**

In this case, the court finds that the corporate Defendant is not subject to FLSA liability. Because Defendant Spahn's liability is only derivative to that of the corporate Defendant's,

Spahn is entitled also entitled to summary judgment. *See Patel v. Wargo*, 803 F.2d 632, 637 (11th Cir. 1986).

## CONCLUSION

For the reasons stated above, the court GRANTS the Defendants' motion for summary judgment. A separate order to that effect will be entered simultaneously.

DONE and ORDERED this 26th day of October, 2009.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE